■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD VASSALO, Appellant.— Judgment of the Supreme Court, Queens County, rendered July 12, 1973, affirmed (CPL 470.05, subd. 1). The case is remitted to the Supreme Court, Queens County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Gulotta, P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL DE FLUMER, JR., Appellant, v. LEON J. VINCENT, as Superintendent of Green Haven Correctional Facility, Respondent.— In this habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated January 15, 1974, which dismissed the writ. The notice of appeal is hereby amended to show that the correct date of the judgment is January 15, 1974 and not June 20, 1973, which is the date of the decision upon which the judgment was entered. Judgment affirmed, without costs. On June 30, 1947, relator pleaded guilty to murder in the second degree and on July 7, 1947 was sentenced to a prison term of 20 years to life. He was 15 years of age at the time. Approximately eight months after he was sentenced, the Legislature amended subdivision 3 of section 486 of the then extant Penal Law (L. 1948, ch. 554, § 1). Under the amended statute, relator would have been treated as a juvenile delinquent and would not have received such a severe sentence. Relator contends that the statute, as amended, should be applied retroactively. He argues that he is now the only person still incarcerated pursuant to the provisions of the former Penal Law prior to the above-mentioned 1948 amendment and that holding the statute retroactive would affect only him. In *People* v. *Oliver* (1 N Y 2d 152), the Court of Appeals gave limited retroactive effect to the 1948 amendment in question, by declaring that it was to apply to all cases tried after its enactment, even for offenses committed prior thereto. The court specifically stated (p. 163) : "It may be well to note that the construction that we are here according to the amendment cannot be applied in favor of an offender tried and sentenced to imprisonment before its enactment." (See, also, *People* v. *Codarre*, 10 N Y 2d 361, 365, 367.) On the basis of the foregoing decisions of the Court of Appeals, we are constrained to affirm the dismissal of the instant writ. In our opinion, relator's remedy is either to apply to the Parole Board or to seek a commutation of sentence from the Governor. Hopkins, Acting P. J., Shapiro, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIO SOTO, Appellant, v. LEON J. VINCENT, as Superintendent of Green Haven Correctional Facility, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated January 17, 1974 and made upon a decision dated March 21, 1972, which dismissed the writ. The notice of appeal, dated April 3, 1972, is hereby amended to show that the date of the judgment is January 17, 1974; and the notice of appeal has been treated as valid (CPLR 5520, subd. [c]). Appeal dismissed, without costs. Relator has been unconditionally discharged (*People ex rel. Wilder* v. *Markley*, 26 N Y 2d 648). Gulotta, P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.